# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 24, 2013

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KIMBERLY J. SIMONS,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1761**  (BOR Appeal No. 2046266)
(Claim No. 2010138026)

**WEST VIRGINIA DIVISION OF HIGHWAYS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kimberly J. Simons, by William B. Gerwig III, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Division of Highways, by Nathanial A. Kuratomi, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 22, 2011, in which the Board affirmed an August 11, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 28, 2010, decision, which denied Ms. Simons's claim because there was no objective evidence to suggest that Ms. Simons developed an occupational disease in the course of and resulting from her employment. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Simons worked for the Division of Highways. On May 22, 2010, Ms. Simons was seen at Jackson General Hospital, complaining of sore throat and restriction of her airway. She returned two days later with similar symptoms plus vomiting and was treated by Dr. Gaal. At that time, Ms. Simons said her symptoms were caused by inhaling fumes while brush painting signs at work on May 18, 2010. Dr. Gaal diagnosed Ms. Simons with partial airway obstruction and allergy syndrome from inhalation of noxious paint fumes. Following her treatment, Ms.

1

Simons applied for worker's compensation benefits based on Dr. Gaal's diagnosis. Dr. Gaal's report also contained a note, indicating that Ms. Simons had been evaluated by Dr. Crigger who found that she had not suffered from an infection but had an allergic reaction to paint fumes. Ms. Simons's claim was then reviewed by Dr. Dauphin who found that there was no objective medical evidence that paint fumes caused Ms. Simons's symptoms. Dr. Dauphin also stated that there was a sufficient delay between the alleged inhalation of fumes and her treatment for Ms. Simons to have encountered a number of other things that could have caused her throat to swell. Based on Dr. Dauphin's report, the claims administrator rejected Ms. Simons's application for benefits on June 28, 2010. The Office of Judges affirmed the claims administrator's decision on August 11, 2011. The Board of Review then affirmed the Order of the Office of Judges on December 22, 2011, leading Ms. Simons to appeal.

The Office of Judges concluded that Ms. Simons failed to show that she sustained an injury or incurred a disease in the course of and as a result of her employment. The Office of Judges found the report of Dr. Dauphin persuasive. The Office of Judges also relied on the report of Dr. Zaldivar, who found that Ms. Simons had a longstanding history of chronic allergy problems. Dr. Zaldivar also found no connection between Ms. Simons's symptoms and her occupation. Dr. Zaldivar found that there was a significant delay between the date Ms. Simons allegedly inhaled paint fumes and the date that she sought treatment. Dr. Zaldivar found that Ms. Simons's condition would have necessitated prompt treatment because her symptoms were potentially life threatening. Finally, Dr. Zaldivar opined that Ms. Simons's condition was not caused by inhalation of paint fumes on May 18, 2010, but was most likely attributable to an underlying non-work-related condition. The Office of Judges also found Dr. Zaldivar's report to be persuasive. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusion of the Board of Review. The medical evidence submitted by Ms. Simons is not sufficient to demonstrate that she developed an occupational disease in the course of and resulting from her employment. The treatment notes and opinion of Dr. Gaal relate Ms. Simons's condition to occupational causes but it does so in a conclusory manner without providing specific objective medical evidence to demonstrate the causal connection. The report of Dr. Zaldivar reflected a detailed evaluation of Ms. Simons's condition and pointed out the significant delay between the alleged paint inhalation and the onset of symptoms which caused her to seek treatment. The significant delay in seeking treatment for a potentially life-threatening condition indicates a cause other than the one Ms. Simons has alleged. The record as a whole does not indicate that Ms. Simons developed a work-related disease.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 24, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II